UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

Case No. _____

FW OF KNOXVILLE 1, LLC D/B/A
FIRST WATCH

    Plaintiff,

v.

FEDERAL EMERGENCY
MANAGEMENT AGENCY, NATIONAL
FLOOD INSURANCE PROGRAM, U.S.
DEPARTMENT OF HOMELAND
SECURITY, a/k/a NFIP DIRECT

    Defendants.

COMPLAINT
(JURY DEMAND)

Plaintiff, complaining of Defendants, alleges and says as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff FW of Knoxville 1, LLC d/b/a First Watch ("Plaintiff" or "First Watch") is a Tennessee limited liability company with a principal office in Knoxville, Tennessee. It is authorized to do business in the State of North Carolina. It owns and operates franchise restaurants in Buncombe County, North Carolina, including one located at 2 Hendersonville Road, Asheville, NC, 28803 (the "subject property" or the "property").

2. Upon information and belief, defendant Federal Emergency Management Agency ("FEMA") is a component of the United States Department of Homeland Security. It is authorized to provide various types of disaster relief assistance under the Robert T.

1

Stafford Relief and Emergency Assistance Act (the "Stafford Act"), codified at 42 U.S.C. § 5121 *et seq*.

3. Upon information and belief, defendant National Flood Insurance Program ("NFIP") is a component of the United States Department of Homeland Security created under the National Flood Insurance Act of 1968 ("NFIA"). 42 U.S.C. § 4001(a). The NFIA created the National Flood Insurance Program (the "Program"), now under the administration of FEMA, to "mak[e] flood insurance coverage available on reasonable terms and conditions." Under the Program, flood insurance is sold to qualified applicants either directly by FEMA through NFIP or by private insurance companies known as "write-your-own" companies.

4. Plaintiff, through the services of an insurance agent, TIS Insurance Services, Inc., of Knoxville, Tennessee, procured flood insurance covering certain damage to the subject property directly from FEMA through NFIP and the Program. Defendants thereafter issued Plaintiff such a policy. A copy of the Flood Insurance Policy Packet which Defendants issued to Plaintiff (the "policy packet") is attached to this Complaint as Exhibit A. A copy of the Federal Emergency Management Agency, Federal Insurance and Mitigation Administration Standard Flood Insurance Policy, General Property Form, issued to Plaintiff (the "flood insurance policy" or the "policy") is attached to this Complaint as Exhibit B.

5. Following the events of Hurricane Helene, described below, Plaintiff made an insurance claim under the flood insurance policy. It initially contacted FEMA on 27 September 2025. Plaintiff included in its eventual insurance claim a request for payment

of debris removal costs and sought reimbursement of those as benefits under its policy of insurance with Defendants.

6. Thereafter, on or about 14 March 2025, Defendants, through Ali St. John, Claims Examiner for NFIP Direct, Flood Claims Department, sent a letter to Plaintiff determining that part of Plaintiff's claim was covered. A copy of the letter allowing part of Plaintiffs' claim (the "coverage letter allowing limited claims") is attached to this Complaint as Exhibit C.

7. Defendants, despite numerous submissions and requests from Plaintiff, did not allow Plaintiff's claim for debris removal.

8. The repeated failure to allow the debris removal claim is the equivalent of a denial or disallowance of the debris removal claim.

9. The coverage letter allowing limited claims sets forth certain "Policyholder Rights," including filing of a lawsuit following denial. Without limitation, the Policyholder Rights specify as follows with respect to filing a lawsuit: "You must file suit against your insurer. If the NFIP Direct is your insurer, you may file suit against FEMA. For all other flood insurers, you may not file suit against FEMA."

10. Because NFIP Direct, along with FEMA, is Plaintiff's insurer, Plaintiff files this action against NFIP Direct and FEMA.

11. This action is brought pursuant to 42 U.S.C. § 4072, which provides that a claimant may, "within one year after the date of mailing of notice of disallowance or partial disallowance," institute an action on its claim "in the United States district court for the district in which the insured property . . . shall have been situated," and which

legislation confers "original exclusive jurisdiction. . . upon such court to hear and determine such action."

12. Under 42 U.S.C. § 4072, jurisdiction and venue exist in the United States District Court for the Western District of North Carolina.

## Factual Summary

13. On or about 27 September 2024, Hurricane Helene and its aftermath caused widespread damage in Western North Carolina, including in Buncombe County.

14. While the flood insurance policy was in full force and effect, Plaintiff experienced flooding at the subject property.

15. On or about 27 September 2024, Plaintiff contacted FEMA about its loss. It formally pursued a claim with Defendants for covered losses on the property, including with respect to contents located thereon.

16. Plaintiff's claim included losses related to debris removal.

17. Plaintiff's policy of insurance with Defendants provides Plaintiff with certain "Other Coverages" set forth in Section III of the policy, concerning "PROPERTY INSURED," Coverage C – Other Coverages, sub part 1, Debris Removal (the "debris removal provision"). This section of the insurance policy states in pertinent part as follows:

> **C. Coverage C—Other Coverages**
>
> 1. **Debris Removal**
>
>    a. We will pay the expense to remove non-owned debris that is on or in insured property and debris of insured property anywhere.

18. Plaintiff incurred debris removal expenses from its insured property which is covered under the debris removal provision. A copy of the invoice issued to Plaintiff for

4

debris removal from the subject property in the amount of $66,845.00 is attached to this Complaint as Exhibit D.

19. Plaintiff has paid for the cost of debris removal.

20. Plaintiff has repeatedly presented this item and other information relating to its debris removal claims to Defendants for reimbursement.

21. The matters described herein constitute covered losses under the terms of the policy and are therefore compensable to Plaintiff.

22. Defendants have failed and refused to reimburse and pay Plaintiff for these covered losses.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

23. The previous allegations set forth in this Complaint are incorporated by reference.

24. The flood insurance policy constitutes an agreement and valid contract between Plaintiff and Defendants for which Plaintiffs paid due consideration.

25. Defendants have breached their contract with Plaintiff by failing or refusing to provide coverage or other benefits to indemnify Plaintiff for its debris removal related losses and by otherwise failing to perform their obligations under the policies.

26. As a direct and proximate result of Defendants' breaches of contract, Plaintiff has been damaged in an amount to be proved at trial of at least $66,485.00.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment)**

27. The previous allegations set forth in this Complaint are incorporated by reference.

28. Plaintiff asserts that it has the full rights expressed and detailed in the policy of insurance which Defendants issued to it.

29. As a result of Defendants' failure to honor obligations under the policy by failing and refusing to pay for Plaintiff's debris removal claim due to damage caused by the aftermath of Hurricane Helene, the parties have an actual justiciable controversy as to their respective rights relating to the policy.

30. Plaintiffs are entitled to a judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the rights and obligations of Plaintiff and Defendants; declaring that the policy of insurance that Defendants issued to Plaintiffs was in full force and effect at the time of the events as described herein; and declaring that Defendants have a duty to pay, reimburse, and indemnify Plaintiff under its terms and to pay all benefits and expenses thereunder including, without limitation, the debris removal expenses.

WHEREFORE, Plaintiff respectfully prays the Court as follows:

1. That it have and recover compensatory damages from Defendants in an amount to be proved at trial of at least $66,485.00;

2. For a trial by jury on all issues of fact to the extent that the law allows;

3. That it have and recover costs and interest to the extent that the law allows; and

4. That it have such other and further relief as the Court may deem just and proper.

This, the 26th of September, 2025.

/s/ Edward L. Bleynat, Jr.
Edward L. Bleynat, Jr. [SB#16558]
FERIKES BLEYNAT CANNON PLLC
67 Charlotte Street
Asheville NC 28801
Tel: 828-251-1588
ed@ashevillelitigators.com

7

Case 1:25-cv-00331   Document 1   Filed 09/26/25   Page 7 of 7